48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert Dennis LOREE, Plaintiff-Appellant,
v.
Pat JUSTICE; et al., Defendants-Appellees.
 No. 94-16366.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 28, 1995.
 
 IN PART AND VACATED AND REMANDED IN PART.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Dennis Loree, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. In his amended complaint, Loree alleged that: (1) Gary Jacobson, a police detective for the Las Vegas Metropolitan Police Department, violated his Fourth and Fifth Amendment rights by unlawfully authorizing Heather Redland to enter Loree's apartment and seize Loree's property, some of which was critical to his defense, without his permission; (2) Loree's appointed counsel, initially Karen Brazier and subsequently Pat Justice, conspired with the deputy district attorney prosecuting his case, Debra Lippis, to deprive Loree of his constitutional right to a fair and speedy trial; and (3) Loree's appointed counsel provided him with ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part and vacate and remand in part.
 
 Claims Relating to Loree's Conviction
 
 3
 Loree contends that the district court erred by dismissing his complaint against attorneys Justice, Brazier, and Lippis for failure to state a claim. These contentions lack merit.
 
 
 4
 A section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2372-74 (1994).[1]
 
 
 5
 Here, Loree alleged that he overheard various conversations between his counsel and the deputy district attorney prosecuting his case which indicated that they were conspiring to deprive him of his constitutional right to a fair and speedy trial, and that ultimately they forced him to accept a plea of guilty to one count of lewdness with a minor. Loree further alleged that his counsel did not represent him as he wished. In particular, Loree's counsel allegedly failed to adopt various litigation strategies proposed by Loree and ignored Loree's requests that certain motions be presented to the court.
 
 
 6
 Loree's allegations necessarily imply the invalidity of his conviction, calling into question both the voluntariness of his plea of guilty, see, e.g., Boykin v. Alabama, 395 U.S. 238, 242-43 (1969), and his Sixth Amendment right to effective assistance of counsel, see, e.g., Strickland v. Washington, 466 U.S. 668, 684-86 (1984). Loree has not, however, shown that his conviction was invalidated by a state or federal court. See Heck, 114 S.Ct. at 2372-73. Thus, Loree's section 1983 claims against these defendants have not accrued. Id. at 2374.
 
 
 7
 Similarly, to the extent that Loree's amended complaint against Jacobson raises the Fifth Amendment claim that Jacobson ordered the removal or destruction of exculpatory evidence from Loree's apartment, such claim necessarily calls into question Loree's conviction under Brady v. Maryland, 373 U.S. 83, 87-88 (1963) and its progeny. Consequently, Loree's claim against Jacobson is barred by Heck. See Heck, 114 S.Ct. at 2372, 2374.
 
 
 8
 We affirm the district court's dismissal of those section 1983 claims relating to the validity of Loree's conviction,[2] but vacate and remand Loree's Fifth Amendment claim against Jacobson with instructions to enter judgment dismissing such claim without prejudice so that Loree can refile his complaint should he succeed in challenging the legality of his continued confinement. Because, however, the district attorney defendant is entitled to absolute immunity, see Ashelman v. Pope, 793 F.2d 1072, 1075-78 (9th Cir.1986) (en banc), and the public defender defendants were not acting under color of state law within the meaning of section 1983, see Polk County v. Dodson, 454 U.S. 312, 317-25 (1981), as the district court correctly found, there is no need to remand those claims.
 
 Fourth Amendment Claim
 
 9
 To the extent that Loree's complaint against Jacobson raises a Fourth Amendment claim for damages attributable to Jacobson's allegedly unreasonable search, his claim, "even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." See Heck, 114 S.Ct. at 2372 n. 7. Thus, Loree's Fourth Amendment claim against Jacobson is not barred by Heck. See id.
 
 
 10
 Before entering summary judgment, district courts must provide pro se prisoner litigants with fair notice of the requirements for responding to a motion for summary judgment under Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Courts must advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Rule 56(e). Id. at 411. Moreover, courts cannot avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 11
 Here, Jacobson filed a motion for summary judgment supported by an affidavit. Although Loree filed an opposition to Jacobson's motion, he failed to file counter-affidavits or other responsive material. The district court did not alert Loree to the fact that his failure to so respond might result in the entry of summary judgment against him. Nonetheless, the district court granted summary judgment for Jacobson because Loree failed to raise any genuine issue of material fact precluding entry of judgment as a matter of law.
 
 
 12
 Because the district court did not advise Loree that he had to submit responsive evidence to prevent summary judgment under Rule 56(e), we vacate the district court's summary judgment and remand for the district court to provide such instructions and allow Loree an opportunity to respond. See id.[3]
 
 
 13
 AFFIRMED IN PART and VACATED and REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court's decision in Heck applies retroactively to the instant case because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)
 
 
 [2]
 In reviewing decisions of the district court, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993)
 
 
 [3]
 Although Loree has not filed a motion explicitly requesting the court to appoint counsel under 28 U.S.C. Sec. 1915(d), his appellate brief suggests that he is making such a request. To the extent that he does request the appointment of counsel, we deny such request on the ground that Loree's case does not present exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)